IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-767
(3:06-cr-363)

ANTHONY WAYNE ELLIS,      )
                          )
        Petitioner,       )
                          )
    v.                    )     ORDER
                          )
UNITED STATES OF AMERICA, )
                          )
        Respondent.       )
_____)

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, with alternative claims for relief pursuant to 28 U.S.C. § 2241, writ of coram nobis, and writ of audita querela (Doc. No. 3); the Government's Motion to Dismiss, (Doc. No. 7); and related pleadings. For the reasons that follow, Petitioner's motion will be dismissed.

I.   BACKGROUND

Petitioner pled guilty to the lesser offense in Count One of conspiring to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B);[1] possessing firearms in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Eleven); possessing a firearm after being convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Twelve); and possessing body armor after being convicted of a violent felony, in violation of 18 U.S.C. §

---

[1] Petitioner was also charged with a greater offense of conspiring to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Case No. 3:06-cr-363, Doc. No. 39: Superseding Indictment).

1

933(a)(1), pursuant to a plea agreement. (Case No. 3:06-cr-363, Doc. No. 39: Superseding Indictment; Doc. No. 56: Plea Agreement). The plea agreement included a stipulation to the lesser drug quantity which avoided a ten year mandatory minimum sentence for Count One and a waiver of Petitioner's right to contest his conviction or sentence collaterally, except for claims of prosecutorial misconduct or ineffective assistance of counsel, in exchange for the concessions made by the Government. (Id., Doc. No. 56 at 1-2, 5).

A magistrate judge conducted Petitioner's Plea and Rule 11 hearing and placed him under oath. (Id., Doc. No. 61: Acceptance and Entry of Guilty Plea at 1). The magistrate judge explained the elements of the charges, with their minimum and maximum penalties, and Petitioner stated that he understood them. (Id. at 2). The Government recited the terms of the plea agreement, including the collateral attack waiver, which Petitioner confirmed that he understood. (Id. at 4). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowing and voluntary. (Id. at 5).

At the sentencing hearing, the Court granted the Government's motion to sentence Petitioner below the statutory mandatory minimums and advisory guideline range and imposed an aggregate sentence of 144 months. (Case No. 3:06-cr-363, Doc. No. 103, Motion; Doc. No. 106: Judgment at 2; Doc. No. 107: Statement of Reasons at 1). The Court entered the Judgment on March 13, 2008, and Petitioner did not appeal his conviction or sentence.[2] He was released from confinement and began a four year term of supervised release on October 9, 2013.[3]

On November 15, 2012, Petitioner filed the instant motion contending his convictions for violating § 922(g)(1) and § 931 and his enhanced sentence for violating § 841(a) are invalid in

---

[2] The Court ultimately sentenced Petitioner to an aggregate term of 96 months. (Doc. No. 138: Order).
[3] https://www.bop.gov/inmateloc/.

2

light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because his predicate convictions did not expose him to more than one years' imprisonment. (Doc No. 1 at 1). The Government seeks dismissal of Petitioner's claims based on the waiver in his plea agreement. (Doc. No. 7: Motion to Dismiss at 3).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

It is well settled that a defendant may waive his right to contest his sentence in a collateral proceeding so long as the decision was knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Here, Petitioner affirmed under oath during his Rule 11 hearing that he understood the terms of his plea agreement, which included the waiver of post-conviction claims other than prosecutorial misconduct and ineffective assistance of counsel. Both the magistrate judge and this Court found that his guilty plea was knowing and voluntary. Petitioner relies on United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005), to argue that the plea was not knowing and voluntary because he could not anticipate the change in the law which he claims renders his convictions and sentence a miscarriage of justice. (Doc. No. 11: Response at 8). However, the Fourth Circuit cited that same case in a decision finding that a Simmons

issue was foreclosed by the waiver in a plea agreement. United States v. Beckham, 592 F. App'x 223, 224-25 (4th Cir. 2015).

Petitioner could have anticipated this issue at the time of his plea as did other defendants, including Jason Simmons in this district, during the same time period.[4] Whiteside v. United States, 775 F.3d 180, 186 (4th Cir. 2014) (en banc) (collecting cases where defendants challenged then controlling law prior to Simmons). He received the benefit of his bargain by avoiding a longer sentence of at least 180 months if he had been convicted of the crack cocaine quantity in Count One followed and the § 924(c) offense in Count Eleven without a plea agreement since neither mandatory minimum punishment would have been affected by Simmons. Therefore, Petitioner is not entitled to relief on this claim.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 7), is **GRANTED**; and

2. Petitioner's Motion to Vacate, (Doc. No. 3), is **DISMISSED with prejudice**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling

---

[4] Simmons unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 21, 2016

Robert J. Conrad, Jr.
United States District Judge